IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**KEITH MOORE,**
**ADC #133412** **PLAINTIFF**

**v.** **No. 5:12-cv-206-DPM**

**JAMES HILL, Sergeant, ADC;**
**LANTZ GOFORTH, Sergeant, ADC;**
**RICHARD LEE, Sergeant, ADC;**
**and CHARLES POOLE, Corporal, ADC** **DEFENDANTS**

# ORDER

**1.** Hill and Goforth's motions for either judgment as a matter of law or an amended judgment are denied.

**2.** On the merits of the excessive-force and failure-to-protect claims, the Court agrees with Moore: Defendants' motion fails because it's an attack on the jury's credibility calls. FED. R. CIV. P. 50(a)&(b); *Jackson v. City of Hot Springs*, 751 F.3d 855, 862–63 (8th Cir. 2014). If the jury believed Moore on these issues, as the verdicts reflect it did, then Hill kicked Moore in the head, and put his boot on his face, after the fight was over and Moore was cuffed. Whatever the extent of the eye damage, Moore's injuries were not *de minimis*. The jury likewise could reasonably conclude that Goforth could have

intervened, and held Hill back, after he got off Moore and the cuffs were on. Events moved very quickly during the fight. But the jury could well conclude, based on all the testimony, that Goforth could have and should have stepped in before the kick.

The Court declines to disturb the modest punitive awards. It was for the jury to say whether these two officers acted (or didn't act) out of malice or acted simply to get control of Moore and the situation. Making that judgment call is quintessential jury work. *Jackson v. Crews*, 873 F.2d 1105, 1109 (8th Cir. 1989). No adequate basis for Fed. R. Civ. P. 59(e) relief is presented.

Neither Hill nor Goforth is entitled to qualified immunity. Hitting a restrained inmate after he's been subdued unquestionably violates clearly established Eighth Amendment rights. *Hudson v. McMillian*, 503 U.S. 1, 9 (1991). The question on Goforth is closer, as the Court said at trial. But taking the record in the light most favorable to the verdicts, the Court concludes that a reasonable officer in Goforth's position would have recognized the real danger that a fellow officer—wound up after a fight with an inmate who threw the first blow—could strike again in understandable anger after the inmate was subdued. Even if this wasn't apparent before the head kick, it was

afterward — before Hill put his boot on Moore's face.

**3.** This jury paid close attention and worked through a stack of claims against four individuals with care. Hill and Goforth haven't presented any sufficient legal reason to alter the Judgment entered on these careful verdicts.

* * *

Motions, *№ 81*, denied.

So Ordered.

D.P. Marshall Jr.
United States District Judge

14 November 2014